**LAW OFFICES OF THOMAS W. FALVEY**
THOMAS W. FALVEY, SBN 85744
J.D. HENDERSON, SBN 235767
301 North Lake Avenue, Suite 800
Pasadena, California 91101
Telephone: (626) 795-0205

**ALEXANDER KRAKOW + GLICK LLP**
Marvin E. Krakow (SB No. 81228)
Michael S. Morrison (SB No. 205320)
401 Wilshire Boulevard, Suite 1000
Santa Monica, California 90401
T: 310 394 0888 | F: 310 394 0811
E: mkrakow@akgllp.com; mmorrison@akgllp.com

Attorneys for Plaintiff ROBERT MENDEZ, individually,
and all others similarly situated and the general public

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| ROBERT MENDEZ, an individual, on behalf of all others similarly situated and the general public,<br><br>Plaintiff,<br><br>vs.<br><br>R+L CARRIERS, Inc., a Corporation, R&L CARRIERS SHARED SERVICES, LLC, a Corporation, and DOES 1-10,<br><br>Defendants. | Case No. CV 11-02478 CW<br><br>Assigned to the Hon. Claudia Wilken<br>Filed: May 20, 2011<br>Courtroom 2<br><br>**JOINT STIPULATION TO FILE A FIRST AMENDED COMPLAINT; ORDER** |

WHEREAS, on May 21, 2011, Plaintiff Robert Mendez filed the complaint in this action;

WHEREAS, Plaintiff seeks to file a First Amended Complaint with the following amendments: (1) the addition of three new class representatives – Randy J. Martinez, Anthony A. Harang, and Kevin Johnson, Sr.; (2) the inclusion of facts which more specifically define the types of off-the-clock work performed by class members; and (3) the inclusion of language demonstrating compliance with the requirements of the Private Attorney General Act ("PAGA"), Labor Code section 2699, et seq.  A copy of the First Amended Complaint is being separately lodged concurrently with the filing of this stipulation.

WHEREAS, at the initial Case Management Conference conducted on November 8, 2011, the Court set a December 16, 2011, deadline for Plaintiff to file an amended complaint;

WHEREAS, the First Amended Complaint is being filed within the time frame set by the Court to file an amended complaint.

///
///
///
///
///
///
///
///
///
///
///
///
///

ALEXANDER KRAKOW + GLICK LLP

1

IT IS THEREFORE STIPULATED BETWEEN THE PARTIES BY AND THROUGH THEIR COUNSEL OF RECORD THAT:

1.  Plaintiff be permitted to file a First Amended Complaint.

2.  The First Amended Complaint shall be deemed filed and served upon Defendants upon execution of the order below.

IT IS SO STIPULATED.


Dated: December 16, 2011          ALEXANDER KRAKOW + GLICK LLP
                                  LAW OFFICES OF THOMAS W. FALVEY

                                  By:   S/Michael S. Morrison
                                        _____
                                        Michael S. Morrison
                                        Attorney for Plaintiff,
                                        ROBERT MENDEZ individually, on
                                        behalf of all others similarly situated,
                                        and the general public.

Dated: December 16, 2011          WILSON, ELSER, MOSKOWITZ,
                                  EDELMAN & DICKER LLP

                                  By: /s/Diana Estrada
                                      _____
                                      Diana Estrada
                                      David Eisen
                                      Attorney for Defendants
                                      R+L Carriers, Inc. and R&: Shared
                                      Services, LLC

ALEXANDER KRAKOW + GLICK LLP

Case No. CV 11-02478 CW

1

## [PROPOSED] ORDER

Having reviewed the Joint Stipulation to File a First Amended Complaint, and good cause appearing, the Court HEREBY ORDERS AS FOLLOWS:

1. The stipulation is approved and Plaintiff may file a First Amended Complaint.

2. Upon execution of this Order, the lodged First Amended Complaint will be deemed filed as well as served upon Defendants.

IT IS SO ORDERED.

DATED:____12/20/2011_____        _____

Hon. Claudia Wilken
United States District Court Judge
Northern District of California

Case No. CV 11-02478 CW

ALEXANDER KRAKOW + GLICK LLP

## <u>CERTIFICATE OF SERVICE</u>

I, Michael S. Morrison, an employee of the City of Santa Monica, certify that on December 16, 2011, caused a true and correct copy of the foregoing **JOINT STIPULATION TO FILE A FIRST AMENDED COMPLAINT; [PROPOSED] ORDER; FIRST AMENDED COMPLAINT** to be filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following counsel who has registered for receipt of documents filed in this matter:

| ***Counsel for Defendants*** | ***Co-Counsel for Plaintiffs*** |
|---|---|
| Diana M. Estrada, Esq. | Thomas W. Falvey, Esq. |
| WILSON, ELSER, MOSKOWITZ, | LAW OFFICES OF THOMAS W. |
| EDELMAN & DICKER LLP | FALVEY |
| 555 South Flower Street, Suite 2900 | 301 North Lake Avenue, Suite 800 |
| Los Angeles, California 90071-2407 | Pasadena, California 91101 |
| T: 213 443 5100 | Tel: 626 795 0205 |
| F: 213 443 5101 | |
| E: Diana.Estrada@wilsonelser.com | |

ALEXANDER KRAKOW + GLICK LLP

          /s/

MICHAEL S. MORRISON
401 Wilshire Boulevard, Suite 1000
Santa Monica, CA 90401
Attorneys for Plaintiff ROBERT MENDEZ
individually, on behalf of all others similarly
situated, and the general public

1  LAW OFFICES OF THOMAS W. FALVEY
   THOMAS W. FALVEY, SBN 65744
2  J.D. HENDERSON, SBN 235767
   301 North Lake Avenue, Suite 800
3  Pasadena, California  91101
   Telephone:  (626) 795-0205
4
   **ALEXANDER KRAKOW + GLICK LLP**
5  Marvin E. Krakow (SB No. 81228)
   Michael S. Morrison (State Bar No. 205320)
6  401 Wilshire Boulevard, Suite 1000
   Santa Monica, California 90401
7  T: 310 394 0888 | F: 310 394 0811
   E: mkrakow@akgllp.com; mmorrison@akgllp.com
8
   Attorneys for Plaintiff ROBERT MENDEZ, RANDY J. MARTINEZ,
9  ANTHONY A. HARANG AND KEVIN JOHNSON, Sr.,
   individually, on behalf of all others similarly situated,
10 and the general public

11                 **UNITED STATES DISTRICT COURT**

12               **NORTHERN DISTRICT OF CALIFORNIA**

13

14 ─────────────────────────────
                                    )
15 ROBERT MENDEZ, an individual,    )  Case No: CV 11-02478 CW
   RANDY J. MARTINEZ, an individual,)
   ANTHONY A. HARANG, an individual,)  Assigned to the Hon. Claudia Wilken
16 KEVIN JOHNSON, Sr., an individual, on )  Filed: May 20, 2011
   behalf of all others similarly situated and )  Courtroom 2
17 the general public,              )
                                    )  **FIRST AMENDED CLASS ACTION**
18                                  )  **COMPLAINT FOR DAMAGES AND**
                                    )  **INJUNCTIVE RELIEF**
19                                  )
          Plaintiffs,              )  **1.    FAILURE TO PAY MEAL AND**
20                                  )        **REST PERIOD**
            vs.                     )        **COMPENSATION**
21                                  )
                                    )  **2.    FAILURE TO PAY**
22                                  )        **COMPENSATION FOR ALL**
   R+L CARRIERS, INC., a Corporation, )        **HOURS WORKED AND**
23 R&L CARRIERS SHARED SERVICES,    )        **MINIMUM WAGE**
   LLC, a Corporation, and DOES 1-10, )        **VIOLATIONS**
24                                  )
          Defendants.              )  **3.    WAITING TIME PENALTIES**
25                                  )        **(CAL. LABOR CODE § 203)**
                                    )
26                                  )  **4.    VIOLATION OF LABOR CODE**
                                    )        **§ 204**
27                                  )
                                    )  **5.    FAILURE TO PROVIDE**
28                                  )        **ACCURATE ITEMIZED**
                                    )        **STATEMENTS (CAL.**
   ─────────────────────────────
                              1
   **FIRST AMENDED CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**

1

2

3

4

5

6

7

8

9

10

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**LABOR CODE § 226)**

**6.   PRIVATE ATTORNEY GENERAL ACT**

**7.   UNFAIR BUSINESS PRACTICES  (CALIFORNIA BUSINESS AND PROFESSIONS CODE §§ 17200 ET SEQ.)**

**DEMAND FOR JURY TRIAL**

11      Plaintiff ROBERT MENDEZ, RANDY J. MARTINEZ, ANTHONY A. HARANG

12 AND KEVIN JOHNSON, Sr. ("PLAINTIFFS"), as individuals, and on behalf of

13 themselves, all others similarly situated, and the general public, complain and allege on

14 information and belief the following against R+L CARRIERS, INC., R&L CARRIERS

15 SHARED SERVICES LLC, and DOES 1-10 (collectively "DEFENDANTS"):

16 **INTRODUCTION**

17      1.     This case arises out of DEFENDANTS' systematic violations of California

18 wage and hour laws.  DEFENDANTS are national motor freight carrier companies which

19 service all 50 states in addition to Canada, Puerto Rico and the Dominican Republic.

20      2.     PLAINTIFFS and members of the PLAINTIFF CLASS (defined in more

21 detail below) are California based truck drivers employed by DEFENDANTS.

22 DEFENDANTS routinely failed to make available to PLAINTIFFS and members of the

23 PLAINTIFF CLASS meal and rest periods as mandated by California law.

24 DEFENDANTS did not compensate PLAINTIFFS and members of the PLAINTIFF

25 CLASS for missed meal and rest periods despite their knowledge that these employees

26 were routinely required to work through their meal and rest periods.

27      3.     DEFENDANTS also failed to pay PLAINTIFFS and members of the

28

2

**FIRST AMENDED CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**

1    PLAINTIFF CLASS for all hours worked.  In particular, DEFENDANTS made

2    PLAINTIFFS and members of the PLAINTIFF CLASS, who are paid hourly, perform

3    certain tasks off-the-clock.  For pick-up and delivery drivers with local routes, the off-the-

4    clock work included, but is not limited to, post-trip activities such as filling out paperwork

5    and conducting inspections of their vehicles.  For linehaul drivers who make long

6    distance deliveries (a.k.a. "over-the-road drivers"), DEFENDANTS piece-rate formula

7    does not compensate drivers for all of the time they are under the DEFENDANTS'

8    control.  DEFENDANTS also intentionally provided inaccurate wage statements to

9    PLAINTIFFS and members of the PLAINTIFF CLASS by failing to record all the hours

10   drivers were operating their vehicles or were otherwise under the control of

11   DEFENDANTS.

12        4.      Through this lawsuit, PLAINTIFFS seeks to recover all wages which they

13   and other similarly situated employees rightfully earned but have been denied, as well

14   as any penalties associated with DEFENDANTS' rampant and wilful violations of the

15   law.

16              **JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT**

17        5.      This Court has jurisdiction over PLAINTIFFS' claims pursuant to the Class

18   Action Fairness Act of 2005, which amended 28 U.S.C. § 1332, because (a) the

19   proposed class members number at least 100; (b) the amount in controversy exceeds

20   $5,000,000 and (c) PLAINTIFFS and DEFENDANTS are citizens of different states. The

21   Court has supplemental jurisdiction over the state labor law and unfair competition

22   claims pursuant to 28 U.S.C. § 1367.

23        6.      DEFENDANTS are subject to personal jurisdiction as corporations

24   conducting substantial and continuous commercial activities in California.  This case

25   arises from DEFENDANTS' wrongful conduct in California, where DEFENDANTS

26   employed PLAINTIFFS and members of the proposed PLAINTIFF CLASS.

27        7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (2).

28

3

**FIRST AMENDED CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**

1   A substantial part of the events and omissions giving rise to PLAINTIFFS' and members

2   of the PLAINTIFF CLASS' claims occurred in this district.  Additionally, DEFENDANTS

3   are deemed to reside in this district under 1391(c) because they are subject to personal

4   jurisdiction in the district.

5       8.      Intradistrict assignment: Assignment to the Oakland Division is appropriate

6   because DEFENDANTS operate a truck yard in Alameda County and a substantial part

7   of the events which give rise to the claims occurred in Alameda County.

8                                   **PARTIES**

9       9.      Each of the PLAINTIFFS were employed by DEFENDANTS as truck

10  drivers in California.

11          a.      PLAINTIFF ROBERT MENDEZ resides in Glendora, California.

12  PLAINTIFF MENDEZ worked for DEFENDANTS as a truck driver from October, 2010 to

13  April, 2011 at DEFENDANTS' Anaheim, California terminal.

14          b.      PLAINTIFF RANDY J. MARTINEZ resides in Union City, California.

15  PLAINTIFF MARTINEZ worked for DEFENDANTS as a linehaul truck driver from

16  September, 2007 to January, 2011 at DEFENDANTS' Oakland, California terminal.

17          c.      PLAINTIFF ANTHONY A. HARANG resides in Long Beach,

18  California.  PLAINTIFF HARANG worked for DEFENDANTS as a linehaul truck driver

19  from June, 2008 to October, 2008 at DEFENDANTS' Montebello, California terminal.

20          d.      PLAINTIFF KEVIN JOHNSON, Sr. Resides in Long Beach,

21  California.  PLAINTIFF JOHNSON worked for DEFENDANTS as a Class A driver from

22  June, 2008 to September, 2008 at DEFENDANTS' Montebello, California terminals.

23      10.      DEFENDANTS R+L CARRIERS, INC. and R&L SHARED SERVICES,

24  LLC are Ohio Corporations with their principal place of business in Wilmington, Ohio.

25      11.      DEFENDANTS are/were employers of PLAINTIFFS and members of the

26  class under applicable federal law and regulations, including 29 U.S.C. section 203.  In

27  addition, Section 2 of the applicable California Industrial Wage Commission ("IWC")

28

                                    4

**FIRST AMENDED CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**

1   Order defines an "employer" as any "person as defined in Section 18 of the Labor Code,

2   who directly or indirectly, or through an agent or any other person, employs or exercises

3   control over the wages, hours or working conditions of any person."  PLAINTIFFS are

4   informed and believe and, based thereon, allege that DEFENDANTS, directly or

5   indirectly, or acting through the agency of each other, employ or exercise control over

6   the wages, hours or working conditions of PLAINTIFFS and the members of the class

7   defined below.  Furthermore, on information and belief, a centralized payroll and

8   accounting system is used to pay the wages of PLAINTIFFS and the rest of the

9   members of the class at all of DEFENDANTS' locations.  Specifically, DEFENDANTS

10  pay the wages and other benefits of all class members and direct and control, with the

11  assistance of or through the agency of the other named Defendants, the terms and

12  conditions of all class members' employment.  Accordingly, DEFENDANTS are deemed

13  joint employers of PLAINTIFFS and the rest of the class.

14          12.     The true names and capacities of defendants named in the complaint as

15  DOES 1-10, inclusive, whether individual, corporate, associate, or otherwise, are

16  unknown to PLAINTIFFS, who therefore sue such defendants by such fictitious names.

17  PLAINTIFFS will amend this Complaint to show true names and capacities when they

18  have been determined.

19          13.     At all times mentioned, DEFENDANTS, and each of them, were the

20  agents, representatives, employees, successors, assigns, parents, subsidiaries and/or

21  affiliates, each of the other, and at all times pertinent hereto were acting within the

22  course and scope of their authority as such agents, representatives, employees,

23  successors, assigns, parents, subsidiaries and/or affiliates.   PLAINTIFFS also allege

24  that DEFENDANTS were, at all times relevant hereto, the alter egos of each other.

25  Wherever reference is made to DEFENDANTS, it is intended to include all of the named

26  DEFENDANTS as well as the DOE Defendants.  Each of the fictitiously named DOE

27  Defendants is responsible in some manner for the occurrences alleged and proximately

28

**FIRST AMENDED CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**

1    caused PLAINTIFFS' damages and the damages of the PLAINTIFF CLASS.

2    **CLASS ACTION ALLEGATIONS**

3        14.    PLAINTIFFS bring this action on behalf of themselves and all others

4    similarly situated as a class action pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), on

5    behalf of the following class (referred to as the "PLAINTIFF CLASS").  The PLAINTIFF

6    CLASS is composed of and defined as follows:

7        **All drivers who worked at any of DEFENDANTS' locations in California at**

8    **any time within four years prior to the initiation of this action until the present**

9    **(hereinafter "the Class period").**

10        15.    The members of the class are so numerous that joinder of all members

11    would be unfeasible and not practicable.  The membership of the entire class is

12    unknown to PLAINTIFFS at this time; however, it is estimated that the entire class is

13    greater than 100 individuals, but the identity of such membership is readily

14    ascertainable via inspection of the personnel records and other documents maintained

15    by DEFENDANTS.

16        16.    There are common questions of law and fact as to the class which

17    predominate over questions affecting only individual members, including, without

18    limitation:

19        A.    Whether DEFENDANTS failed to make available to PLAINTIFFS

20    and members of the PLAINTIFF CLASS meal and rest periods as required by law;

21        B.    Whether DEFENDANTS denied PLAINTIFFS and members of the

22    PLAINTIFF CLASS all of the wages to which they were entitled pursuant to the

23    California Labor Code, the California Industrial Welfare Commission's ("IWC") Wage

24    Orders, and all other applicable Employment Laws and Regulations;

25        C.    Whether DEFENDANTS failed to pay PLAINTIFFS and members of

26    the PLAINTIFF CLASS the required minimum wage for every hour where work was

27    performed;

28

**FIRST AMENDED CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**

1          D.     Whether DEFENDANTS failed to provide PLAINTIFFS and

2 members of the PLAINTIFF CLASS with accurate itemized statements;

3          E.     Whether DEFENDANTS owe PLAINTIFFS and the PLAINTIFF

4 CLASS waiting time penalties pursuant to California Labor Code § 203;

5          D.     Whether DEFENDANTS violated California Labor Code § 204 by

6 failing to pay all wages earned in a timely manner;

7          E.     Whether DEFENDANTS engaged in unfair business practices

8 under § 17200 of the California Business and Professions Code;

9          F.     The effect upon and the extent of damages suffered by

10 PLAINTIFFS and the PLAINTIFF CLASS and the appropriate amount of compensation.

11     17.    The claims of PLAINTIFFS pled as class action claims are typical of the

12 claims of all members of the class as they arise out of the same course of conduct and

13 are predicated on the same violation(s) of the law.  PLAINTIFFS, as representative

14 parties, will fairly and adequately protect the interests of the class by vigorously

15 pursuing this suit through his attorneys who are skilled and experienced in handling

16 matters of this type.

17     18.    The nature of this action and the nature of the laws available to the

18 PLAINTIFF CLASS make use of the class action format a particularly efficient and

19 appropriate procedure to afford relief to the PLAINTIFF CLASS.  Further, this case

20 involves a corporate employer and a large number of individual employees possessing

21 claims with common issues of law and fact.  If each employee were required to file an

22 individual lawsuit, the corporate defendants would necessarily gain an unconscionable

23 advantage since it would be able to exploit and overwhelm the limited resources of each

24 individual plaintiff with its vastly superior financial and legal resources.  Requiring each

25 class member to pursue an individual remedy would also discourage the assertion of

26 lawful claims by employees who would be disinclined to pursue an action against their

27 present and/or former employer for an appreciable and justifiable fear of retaliation and

28

7

**FIRST AMENDED CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**

1    permanent damage to their careers at present and/or subsequent employment.  Proof of

2    a common business practice or factual pattern, of which the named PLAINTIFFS

3    experienced, is representative of the class and will establish the right of each of the

4    members of the class to recovery on the claims alleged.

5          19.     The prosecution of separate actions by the individual class members,

6    even if possible, would create: (a) a substantial risk of inconvenient or varying verdicts

7    or adjudications with respect to the individual class members against the defendants;

8    and/or (b) legal determinations with respect to individual class members which would,

9    as a practical matter, be dispositive of the other class members' claims who are not

10    parties to the adjudications and/or would substantially impair or impede the ability of

11    class members to protect their interests.  Further, the claims of the individual members

12    of the class are not sufficiently large to warrant vigorous individual prosecution

13    considering all of the concomitant costs and expenses attending thereto.  PLAINTIFFS

14    are unaware of any difficulties that are likely to be encountered in the management of

15    this action that would preclude its maintenance as a class action.

16                    **FACTS COMMON TO ALL CAUSES OF ACTION**

17          20.     DEFENDANTS are motor freight carrier companies based in Ohio.  In the

18    Spring of 2007, DEFENDANTS expanded their national operations to Northern

19    California by opening up service centers in Oakland, Fresno and Sacramento.  Soon

20    thereafter, DEFENDANTS opened service centers in Southern California and began

21    operations throughout the state of California.

22          21.     PLAINTIFFS and members of the PLAINTIFF CLASS are California based

23    drivers who operate DEFENDANTS' tractor-trailers.  During their employment with

24    DEFENDANTS, DEFENDANTS failed to make available to PLAINTIFFS and members

25    of the PLAINTIFF CLASS meal and rest periods to which they were entitled by law.  For

26    example, drivers are strictly prohibited from taking meal and rest periods during Pick-

27    Ups and Deliveries (PND), which can last anywhere from eight to nine hours.  As a

28

**FIRST AMENDED CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**

1   practical matter, drivers cannot take meal and rest periods during PND time based on

2   how DEFENDANTS' schedule pick-ups and deliveries.  Drivers must adhere to strict

3   schedules during PND time in order to meet the demands of their job.  Taking a meal or

4   rest period during PND time would result in missed pick-ups or deliveries, either of

5   which would subject the drivers to discipline.  Moreover, while driving, all drivers must

6   maintain contact with dispatch and respond to calls.  This prevents all drivers from being

7   relieved of duty while operating their vehicles.

8        22.   DEFENDANTS have also created financial disincentives to discourage

9   drivers from exercising their lawful rights to take meal and rest periods.  In particular,

10   taking meal and rest periods would lower the average number of deliveries a PND driver

11   could make in an hour because any time spent on meal and rest periods is counted

12   against a driver's average.  Drivers with lower average deliveries per hour are subjected

13   to criticism from their supervisors and may receive less work from DEFENDANTS and

14   therefore make less money.  DEFENDANTS' compensation system therefore helps

15   ensure that drivers will not take a meal and rest period while operating their tractors.

16        23.   DEFENDANTS also fail to make available to drivers who work over ten

17   hours a second meal period even though drivers have not entered into agreements with

18   DEFENDANTS to waive their second meal period.

19        24.   DEFENDANTS failed to compensate PLAINTIFFS and members of the

20   PLAINTIFF CLASS for missed meal and rest period despite their knowledge that such

21   periods were not made available because drivers where forced to work through them.

22   DEFENDANTS monitor the movement of tractor-trailers.  Drivers also complete

23   comprehensive manifests and reports detailing their drive time and pick-up and

24   deliveries.  These documents are routinely reviewed by DEFENDANTS and would

25   reveal whether meal and rest periods are being made available.

26        25.   In addition to violating California wage and hour laws with respect to meal

27   and rest periods, Defendants also force drivers, including PLAINTIFFS while they were

28

**FIRST AMENDED CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**

1   still employed by DEFENDANTS, to complete certain work off-the-clock, including, but

2   not limited to the following:

3           a.    With respect to PND drivers, they are required to complete "shuttle

4   runs" on a routine basis.  Drivers are paid a flat fee for shuttle runs and drivers are not

5   on-the-clock during these runs.  For PND drivers that complete "shuttle runs" at the end

6   of their shift, they are not compensated for certain post-trip activities that follow shuttle

7   runs, including completing paperwork (driver logs) and post-trip inspections, because

8   they are required to clock-out before the shuttle runs start and do not clock back in after

9   they are completed.  PND drivers that are required to complete shuttle runs at the

10  beginning of their shift are not paid for pre-trip activities, which includes pre-trip

11  inspections, because they are not allowed to clock-in until the shuttle run has been

12  completed.

13          b.    With respect to linehaul/over-the-road drivers, DEFENDANTS

14  compensate these drivers based on a piece rate formula that does not compensate

15  them for all of the time they are under the DEFENDANTS' control.

16      26.    Moreover, as stated above, DEFENDANTS fail to record the time that the

17  PLAINTIFF CLASS spends driving their tractors.  Consequently, the PLAINTIFF

18  CLASS' time records and wage statements do not show all the hours they worked.  This

19  causes injury because it makes it more difficult for PLAINTIFFS and members of the

20  PLAINTIFF CLASS to determine what compensation they are owed and were not paid,

21  including whether they are owed additional compensation for missing a second meal

22  period because their shift may have exceeded ten hours.

23  ///

24  ///

25  ///

26  ///

27  ///

28

10

**FIRST AMENDED CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**

**FIRST CAUSE OF ACTION**

FAILURE TO PAY MEAL AND REST PERIOD COMPENSATION

(CALIFORNIA LABOR CODE SECTION 226.7 AND 512)

By PLAINTIFFS in their individual capacities and in their capacities as representatives of all similarly situated members of the PLAINTIFF CLASS against DEFENDANTS.

27.    PLAINTIFFS reallege and incorporate, by reference, as though fully set forth herein, the allegations contained in paragraphs 1 to 26.

28.    DEFENDANTS failed to make available to PLAINTIFFS and members of the PLAINTIFF CLASS uninterrupted, work-free 30-minute meal periods for shifts in excess of five (5) hours worked and to compensate them for these missed meal periods as required by law.

29.    DEFENDANTS, throughout PLAINTIFFS' employment with DEFENDANTS, failed to make available to PLAINTIFFS any breaks for shifts in excess of four (4) hours as required by law and failed to compensate them for missed rest periods.  DEFENDANTS also failed to make available to members of the PLAINTIFF CLASS rest periods for shifts in excess of four (4) hours as required by law and failed to compensate them for missed rest periods.

30.    PLAINTIFFS are informed and believe, and thereon allege that the failure of DEFENDANTS to make available meal and rest periods and to compensate PLAINTIFFS and the PLAINTIFF CLASS for these missed meal and rest periods was willful, purposeful, and unlawful and done in accordance with the policies and practices DEFENDANTS' operations.

31.    As a proximate cause of the aforementioned violations, PLAINTIFFS and members of the PLAINTIFF CLASS have been damaged in an amount according to proof at time of trial, but in an amount in excess of the jurisdiction of this Court. PLAINTIFFS and the PLAINTIFF CLASS are entitled to recover the unpaid balance of wages owed, penalties, including penalties available pursuant to California Labor Code

**FIRST AMENDED CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**

Sections 226, 226.7, 558, plus interest, reasonable attorney fees and costs of suit

according to the mandate of California Labor Code, §§ 218.5 and 1194, et. seq.

## SECOND CAUSE OF ACTION

FAILURE TO PAY COMPENSATION FOR ALL HOURS WORKED AND MINIMUM

WAGE VIOLATIONS

(CALIFORNIA LABOR CODE SECTIONS 216, 1194, 1194.2 and 1197)

By PLAINTIFFS in their individual capacities and in their capacities as representatives

of all similarly situated members of the PLAINTIFF CLASS against DEFENDANTS.

32.    PLAINTIFFS reallege and incorporate, by reference, as though fully set

forth herein, the allegations contained in paragraphs 1 to 31.

33.    PLAINTIFFS brings this action to recover unpaid compensation for all

hours worked as defined by the applicable Industrial Welfare Commission wage order

as the time during which an employee is subject to the control of an employer, and

includes all the time the employee is suffered or permitted to work, whether or not

required to do so.

34.    DEFENDANTS' conduct described in this Complaint violates, among

other things, Labor Code sections 216, 1194 and 1197.

35.    DEFENDANTS failed to pay PLAINTIFFS and the PLAINTIFF CLASS for

all of the actual hours worked.   DEFENDANTS knew or should have known that

PLAINTIFFS and the PLAINTIFF CLASS were working these hours.

36.    PLAINTIFFS and the PLAINTIFF CLASS are entitled to recover the unpaid

balance of compensation DEFENDANTS owe PLAINTIFFS and the PLAINTIFF CLASS,

plus interest on that amount, liquidated damages pursuant to Labor Code section

1194.2 and reasonable attorney fees and costs of this suit pursuant to Labor Code

section 1194.  PLAINTIFFS and the PLAINTIFF CLASS are also entitled to additional

penalties and/or liquidated damages pursuant to statute.

37.    PLAINTIFFS and the PLAINTIFF CLASS are also entitled to penalties

**FIRST AMENDED CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**

pursuant to Paragraph No. 20 of the applicable Wage Order which provides, in addition to any other civil penalties provided by law, any employer or any other person acting on behalf of the employer who violates, or causes to be violated, the provisions of the Wage Order, shall be subject to a civil penalty of $50.00 (for initial violations) or $100.00 (for subsequent violations)  for each underpaid employee for each pay period during which the employee was underpaid in addition to the amount which is sufficient to recover unpaid wages.

### THIRD CAUSE OF ACTION

WAITING TIME PENALTIES

(CALIFORNIA LABOR CODE § 203)

By PLAINTIFFS in their individual capacities and in their capacities as representatives of all similarly situated members of the PLAINTIFF CLASS against DEFENDANTS.

38.     PLAINTIFFS reallege and incorporate, by reference, as though fully set forth, the allegations contained in paragraphs 1 to 37.

39.     Pursuant to California Labor Code § 201, if an employer discharges an employee, the wages earned and unpaid at the time of the discharge are due and payable immediately.  Pursuant to California Labor Code § 202, if an employee quits his or his employment, the wages earned and unpaid at the time of the discharge are due and payable within seventy-two (72) hours of the resignation.

40.     PLAINTIFFS and members of the PLAINTIFF CLASS were either terminated by DEFENDANTS or have resigned from their employment with DEFENDANTS.  To this day, PLAINTIFFS and members of the PLAINTIFF CLASS have not received the wages and other compensation they rightfully earned.

41.     DEFENDANTS, and each of them, willfully refused and continue to refuse to pay PLAINTIFFS and members of the PLAINTIFF CLASS all wages earned in a timely manner, as required by California Labor Code § 203.  PLAINTIFFS therefore request restitution and penalties as provided by California Labor Code § 203.

**FIRST AMENDED CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**

1

**FOURTH CAUSE OF ACTION**

2

VIOLATION OF LABOR CODE SECTION 204

3
By PLAINTIFFS in their individual capacities and in their capacities as representatives

4
of all similarly situated members of the PLAINTIFF CLASS against DEFENDANTS.

5
42.     PLAINTIFFS reallege and incorporate, by reference, as though fully set

6
forth, the allegations contained in paragraphs 1 to 41.

7
43.     During the Class period, Labor Code § 204 applied to DEFENDANTS'

8
employment of PLAINTIFFS and the PLAINTIFF CLASS.  At all times relevant hereto,

9
Labor Code section 204 provided that all wages earned by any employee, such as

10
PLAINTIFFS and members of the PLAINTIFF CLASS, in any employment between the

11
1st and 15th days, inclusive, of any calendar month, other than those wages due upon

12
termination of an employee, are due and payable between the 16th and 26th day of the

13
month during which the work was performed.  Furthermore, at all times relevant hereto,

14
Labor Code section 204 provided that all wages earned by any employee, such as

15
PLAINTIFFS and members of the PLAINTIFF CLASS, in any employment between the

16
16th and the last day, inclusive, of any calendar month, other than those wages due

17
upon termination of an employee, are due and payable between the 1st and 10th day of

18
the following month.

19
44.     During the class period, DEFENDANTS failed to pay PLAINTIFFS and

20
members of the PLAINTIFF CLASS wages for all hours worked.

21
45.     During the class period, DEFENDANTS failed to pay PLAINTIFFS and

22
members of the PLAINTIFF CLASS for all wages earned, and, therefore violated Labor

23
Code section 204.   Accordingly,  PLAINTIFFS and members of the PLAINTIFF CLASS

24
are entitled to recover all damages, penalties and other remedies available for violation

25
of Labor Code section 204.

26
///

27
///

28

14

**FIRST AMENDED CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**

1

**FIFTH CAUSE OF ACTION**

2

FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS

3

(CALIFORNIA LABOR CODE § 226)

4

By PLAINTIFFS in their individual capacities and in their capacities as representatives

5

of all similarly situated members of the PLAINTIFF CLASS against DEFENDANTS.

6

46.     PLAINTIFFS reallege and incorporate, by reference, as though fully set

7

forth, the allegations contained in paragraphs 1 to 45.

8

47.     DEFENDANTS fail(ed) to provide PLAINTIFFS and members of the

9

PLAINTIFF CLASS with accurate itemized statements as required by Cal. Labor Code §

10

226.

11

48.     PLAINTIFFS are informed and believe and thereon allege that

12

DEFENDANTS knowingly and intentionally falsified the aforementioned payroll records.

13

As a result, PLAINTIFFS and members of the PLAINTIFF CLASS are entitled to recover

14

the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a

15

violation occurs and one hundred dollars ($100) per employee for each violation in a

16

subsequent pay period, not exceeding an aggregate penalty of four thousand dollars

17

($4,000), and are entitled to an award of costs and reasonable attorney fees.

18

**SIXTH CAUSE OF ACTION**

19

PRIVATE ATTORNEY GENERAL ACT

20

(VIOLATION OF LABOR CODE  §§ 201-203, 204, 210, 216, 225.5, 226.3, 226.7, 450,

21

512, 558, 1194, 1194.2 and 1197)

22

By PLAINTIFFS in their individual capacities and in their capacities as representatives

23

of all similarly situated members of the PLAINTIFF CLASS against DEFENDANTS.

24

49.     PLAINTIFFS hereby reallege and incorporate by reference the allegations

25

contained in the paragraphs 1 through 48 above, as if fully set forth.

26

50.     PLAINTIFFS, individually and on behalf of both the PLAINTIFF CLASS

27

and the general public, allege that on or about May 4, 2011, written notice was provided

28

**FIRST AMENDED CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**

1   to the Labor and Workforce Development Agency ("LWDA") and DEFENDANTS of the

2   specific violations of the California Labor Code DEFENDANTS have violated and

3   continue to violate.

4       51.     Pursuant to Labor Code section 2699.3 (a)(2)(A), no response was

5   received from the LWDA within 33 days of the postmark date of the May 4, 2011, letter.

6   PLAINTIFFS therefore have exhausted all administrative procedures required of them

7   under Labor Code §§ 2698, 2699 and 2699.3, and, as a result, are justified as a matter

8   of right in bringing forward this cause of action.

9       52.     As a result of the acts alleged above, PLAINTIFFS seek penalties under

10  Labor Code §§ 2698 and 2699 because of DEFENDANTS' violations of numerous

11  provisions of the California Labor Code.

12      53.     Pursuant to California Labor Code § 2699, PLAINTIFFS should be

13  awarded twenty-five percent (25%) of all penalties due under California law, including

14  attorneys' fees and costs.

15                      **SEVENTH CAUSE OF ACTION**

16                      UNFAIR BUSINESS PRACTICES

17   (CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200, ET SEQ.)

18   By PLAINTIFFS in their individual capacities and in their capacities as representatives

19    of all similarly situated members of the PLAINTIFF CLASS against DEFENDANTS.

20      54.     PLAINTIFFS reallege and incorporate, by reference, as though fully set

21  forth, the allegations contained in paragraphs 1 to 53.

22      55.     DEFENDANTS' violations of the Employment Laws and Regulations, as

23  alleged in the complaint, include, among other things, DEFENDANTS': (1) failure and

24  refusal to pay all wages earned by PLAINTIFFS and the PLAINTIFF CLASS pursuant to

25  the illegal pay practices described above; (2) failure to pay PLAINTIFFS and the

26  PLAINTIFF CLASS minimum wage for all hours worked; and (3) failure to provide

27  compensation for missed meal and rest periods.  The aforementioned violations

28

**FIRST AMENDED CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**

constitute unfair business practices in violation of the Unfair Competition Law, California Business & Professions Code Section 17200, et seq.

56.     As a result of DEFENDANTS' unfair business practices, DEFENDANTS have reaped unfair benefits and illegal profits at the expense of PLAINTIFFS, the PLAINTIFF CLASS and members of the public.  DEFENDANTS should be compelled to restore such monies to PLAINTIFFS and the PLAINTIFF CLASS.

57.     In the absence of injunctive and equitable relief, PLAINTIFFS and the PLAINTIFF CLASS will suffer irreparable injury, which cannot readily be remedied by damage remedies.  PLAINTIFFS and the PLAINTIFF CLASS require and are entitled to preliminary and permanent injunctive relief against DEFENDANTS, including but not limited to, orders that the DEFENDANTS account for and restore to PLAINTIFFS and the PLAINTIFF CLASS the compensation unlawfully withheld from them.

## PRAYER FOR RELIEF

**WHEREFORE,** PLAINTIFFS pray judgment as follows:

1.     That the Court determine that Causes of Action 1-5 and 7 may be maintained as a class action and for Cause of Action 6 to be maintained as a representative action;

2.     For general and compensatory damages, according to proof;

3.     For restitution of all monies due to PLAINTIFFS and the PLAINTIFF CLASS from the unlawful business practices;

4.     For waiting time penalties pursuant to California Labor Code §§ 203;

5.     For penalties pursuant to California Labor Code §§ 226, 558 and all other applicable Labor Code and/or Employment Laws and Regulations;

6.     For interest accrued to date;

7.     For costs of the suit incurred;

8.     For attorney fees and costs pursuant to California Labor Code §§'s 218.5, 226, 1021.5, 1194 and all other applicable law; and

17

**FIRST AMENDED CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**

1        9.    For such other and further relief that the Court may deem just and proper.

2

3    DATED: December 15, 2011        ALEXANDER KRAKOW + GLICK LLP

4                             By:  /s/Michael Morrison

5                                  Michael Morrison
                              Attorneys for Plaintiffs

6                                  individually and on behalf of all others
                              similarly situated

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FIRST AMENDED CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**

1

### DEMAND FOR JURY TRIAL

2       PLAINTIFFS and members of the PLAINTIFF CLASS further request a trial by

3   jury on all issues so triable.

4

5   DATED: December 15, 2011          ALEXANDER KRAKOW + GLICK LLP

6

7                                     By:   /s/Michael Morrison
                                            Michael Morrison
8                                           Attorneys for Plaintiffs
                                            individually and on behalf of all others
9                                           similarly situated

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FIRST AMENDED CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**

## <u>CERTIFICATE OF SERVICE</u>

I, Michael S. Morrison, an employee of the City of Santa Monica, certify that on December 16, 2011, caused a true and correct copy of the foregoing **JOINT STIPULATION TO FILE A FIRST AMENDED COMPLAINT; [PROPOSED] ORDER; FIRST AMENDED COMPLAINT** to be filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following counsel who has registered for receipt of documents filed in this matter:

| *<u>Counsel for Defendants</u>* | *<u>Co-Counsel for Plaintiffs</u>* |
|---|---|
| Diana M. Estrada, Esq.<br>WILSON, ELSER, MOSKOWITZ,<br>EDELMAN & DICKER LLP<br>555 South Flower Street, Suite 2900<br>Los Angeles, California 90071-2407<br>T: 213 443 5100<br>F: 213 443 5101<br>E: Diana.Estrada@wilsonelser.com | Thomas W. Falvey, Esq.<br>LAW OFFICES OF THOMAS W.<br>FALVEY<br>301 North Lake Avenue, Suite 800<br>Pasadena, California 91101<br>Tel: 626 795 0205 |

ALEXANDER KRAKOW + GLICK LLP

_____/s/_____

MICHAEL S. MORRISON
401 Wilshire Boulevard, Suite 1000
Santa Monica, CA 90401
Attorneys for Plaintiff ROBERT MENDEZ
individually, on behalf of all others similarly
situated, and the general public