United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MENDEZ, an individual, RANDY J. MARTINEZ, an individual, ANTHONY A. HARANG, an individual, KEVIN JOHNSON, SR., an individual on behalf of all others similarly situated and the general public,<br><br>Plaintiff,<br><br>v.<br><br>R+L CARRIERS, INC., a Corporation, R+L CARRIERS SHARES SERVICES, LLC, a Corporation, and DOES 1-10,<br><br>Defendants. | Case No.: CV 11-02478-CW (JSC)<br><br>**ORDER 1) DENYING DEFENDANTS' MOTION TO COMPEL, AND 2) DENYING DEFENDANTS' MOTION FOR SANCTIONS (Dkt. Nos. 29, 32)** |

Named Plaintiffs Robert Mendez, Randy J. Martinez, Anthony A. Harang, and Kevin Johnson, Sr. seek to represent a class of commercial truck drivers in this wage and hour lawsuit. Defendants are national motor freight carrier companies R+L Carriers, Inc., and R+L Carriers Shared Services, LLC. Now pending before the Court are (1) Defendants' motion to compel the further questioning of Plaintiffs Randy J. Martinez and Robert Mendez and for an order directing counsel to refrain from asserting improper objections and instructions not to

answer (Dkt. No. 29); and (2) Defendants' motion for sanctions against Plaintiffs and their counsel in the amount of $4,755.00. (Dkt. No. 32). Having considered the parties' filings and having had the benefit of oral argument on April 5, 2012, the Court DENIES both motions.

## LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a deposition by oral examination is an authorized method of obtaining discovery. See Fed. R. Civ. P. 30. Federal Rule of Civil Procedure 30(d)(1) states: "Unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours. The court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." "[A] court should begin with the presumption that the seven-hour limit was carefully chosen and that extensions of that limit should be the exception, not the rule." Robertson v. Bair, 424 F.R.D. 130, 138 (D D.C. 2007).

During a deposition, an attorney may properly state objections for the record in a concise, nonargumentative, and nonsuggestive manner. Fed. R. Civ. P. 30(c)(2). As a general rule, "instructions not to answer questions at a deposition are improper." Detoy v. City and County of San Francisco, 196 F.R.D. 362, 365 (N.D. Cal. 2000). Under Federal Rule of Civil Procedure 30(c)(2), a party may instruct a deponent not to answer *only* when necessary: (1) to preserve a privilege, (2) to enforce a limitation ordered by the court, or (3) to present a motion under Rule 30(d)(3)—specifically, a motion to terminate or limit the deposition "on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." Fed. R. Civ. P. 30 (c)(2), (d)(3). If a party believes that a particular question asked of a deponent is improper for any other reason, that party may object; however, "the examination still proceeds; the testimony is taken subject to any objection." Fed. R. Civ. P. 30(c)(2); Universal Trading & Inv. Co. v. Kiritchenko, No. C-99-03073, 2007 WL 2300740, at *3 (N.D. Cal. Aug. 2, 2007).

//
//
//

2

**DISCUSSION**

**A. Defendants' Motion to Compel**

Defendants' Motion to Compel seeks twofold relief: (1) further opportunity to depose named Plaintiffs Randy Martinez and Robert Mendez, and (2) an order directing counsel to refrain from asserting improper objections and instructions not to answer during further depositions. Defendants contend that "the further questioning of Martinez and Mendez was made necessary due to the improper actions of their counsel." (Dkt. No. 29, p. 16.) The deposition of Mr. Mendez lasted five hours and forty-six minutes, throughout which Plaintiffs asserted approximately 265 objections and six instructions not to respond. Mr. Martinez's deposition totaled five hours and fifty-one minutes, and Plaintiffs' counsel objected some 293 times and gave twelve instructions not to answer.

Although Plaintiffs' objections were excessive, the Court concludes that Defendants are not entitled to further depositions of either Plaintiff Mendez or Plaintiff Martinez as Defendants have not identified the subjects on which they need to further depose these Plaintiffs. Defendants voluntarily ended Mr. Mendez's deposition, noting that counsel had no further questions. (Dkt. No. 30-7, p. 8.) With respect to Mr. Martinez's deposition, Defendants have not identified any subject matters that would justify having the witness reappear for a deposition. Significantly, a majority of the questions that Plaintiffs' counsel improperly instructed Mr. Martinez not to answer were ultimately addressed by the witness. For instance, Plaintiffs' counsel originally instructed Mr. Martinez not to respond to questions such as "[w]here are you presently employed," and "in what industry are you currently employed." (Dkt. No. 30-1, p. 14.) However, Mr. Martinez later divulged this information after Defendants stipulated that they would not contact his employer. (Dkt. 30-2, p. 19.) If any questions remain that Defendants feel were not answered by the witness, Defendants may seek responses to those queries by propounding interrogatories consistent with Federal Rule of Civil Procedure 33. Accordingly, the Court finds that Defendants have not established that further depositions of Mr. Martinez or Mr. Mendez are warranted.

3

1  Nonetheless, as noted at oral argument, the Court cautions Plaintiffs to refrain from
2  asserting continuous objections and improper instructions not to answer during further
3  depositions.  Defendants are entitled to question the plaintiffs without being constantly
4  interrupted by objections.   The Court encourages the parties to agree to preserve all
5  objections to form.  Such an agreement means that objections as to form need not be made
6  during the deposition at all and will not be waived should the deposition transcript be used in
7  motion practice or at trial.  Any other objections must be "stated concisely in a
8  nonargumentative and nonsuggestive manner." Fed. R. Civ. P. 30(c)(2).  Further, counsel
9  shall only instruct witnesses not to answer questions based on the grounds set forth in
10 Federal Rule of Civil Procedure 30(c)(2).

**B. Defendants' Motion for Sanctions**

Both Plaintiffs and Defendants have presented arguments in support of an award of sanctions against the opposing party in the instant case.  Under Federal Rule of Civil Procedure 30(d)(2), "[t]he court may impose an appropriate sanction—including the reasonable expenses and attorneys fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent." Id.  In addition, Federal Rule of Civil Procedure 37(a)(5)(A) provides that the party who prevails on a motion to compel is entitled to its "reasonable expenses incurred in making the motion, including attorney's fees." Id.

The Court finds that the imposition of sanctions against either Plaintiffs or Defendants is not warranted at this time.  However, in their interactions at all future depositions, both parties should take care to abide by the principles of civility set forth in Northern District of California General Order 40.

//
//
//
//
//

4

**CONCLUSION**

For the reasons set forth above, the Court finds that further depositions of Mr. Martinez and Mr. Mendez are not warranted in the present case. Accordingly, Defendants' motions to compel and for sanctions (Dkt. Nos. 29, 32) are DENIED.

**IT IS SO ORDERED.**

Dated: April 30, 2012

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE