IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MENDEZ, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>R+L CARRIERS, INC.; R&L CARRIERS SHARED SERVICES, LLC, et al.,<br><br>    Defendants.<br>_____/ | No. C 11-2478 CW<br><br>ORDER DENYING MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL (Docket No. 68) |

On January 8, 2013, Defendants R+L Carriers, Inc. and R+L Carriers Shared Services, LLC moved for certification of an interlocutory appeal of this Court's order denying their motion for partial summary judgment. Plaintiffs Robert Mendez and Randy Martinez oppose the motion. Having considered all of the parties' submissions, the Court denies Defendants' motion.

## LEGAL STANDARD

Pursuant to 28 U.S.C. § 1292(b), a district court may certify an appeal of an interlocutory order only if three factors are present. First, the issue to be certified must be a "controlling question of law." 28 U.S.C. § 1292(b). Establishing that a question of law is controlling requires a showing that the "resolution of the issue on appeal could materially affect the outcome of litigation in the district court." In re Cement Antitrust Litig., 673 F.2d 1020, 1026 (9th Cir. 1982) (citing U.S. Rubber Co. v. Wright, 359 F.2d 784, 785 (9th Cir. 1966)).

Second, there must be "substantial ground for difference of opinion" on the issue. 28 U.S.C. § 1292(b). This is not established by a party's strong disagreement with the court's ruling; the party seeking an appeal must make some greater showing. Mateo v. M/S Kiso, 805 F. Supp. 792, 800 (N.D. Cal. 1992).

Third, it must be likely that an interlocutory appeal will "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); Mateo, 805 F. Supp. at 800. Whether an appeal may materially advance termination of the litigation is linked to whether an issue of law is "controlling" in that the court should consider the effect of a reversal on the management of the case. Id. In light of the legislative policy underlying § 1292, an interlocutory appeal should be certified only when doing so "would avoid protracted and expensive litigation." In re Cement, 673 F.2d at 1026; Mateo, 805 F. Supp. at 800. If, in contrast, an interlocutory appeal would delay resolution of the litigation, it should not be certified. See Shurance v. Planning Control Int'l, Inc., 839 F.2d 1347, 1348 (9th Cir. 1988) (refusing to hear a certified appeal in part because the Ninth Circuit's decision might come after the scheduled trial date).

"Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly." James v. Price Stern Sloan, Inc., 283 F.3d 1064, 1068 n.6 (9th Cir. 2002). Thus, the court should apply the statute's requirements strictly, and should grant a motion for certification only when exceptional circumstances warrant it. Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978). The party

2

seeking certification of an interlocutory order has the burden of establishing the existence of such exceptional circumstances. Id. A court has substantial discretion in deciding whether to grant a party's motion for certification. Brown v. Oneonta, 916 F. Supp. 176, 180 (N.D.N.Y. 1996) rev'd in part on other grounds, 106 F.3d 1125 (2d. Cir. 1997).

## DISCUSSION

Defendants have failed to demonstrate that an interlocutory appeal would "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). They seek leave to appeal the Court's November 19, 2012 order denying their motion for summary judgment on Plaintiffs' meal and rest break claims. See Docket No. 67. That order did not address Plaintiffs' other claims -- including numerous claims under the California Labor Code -- because Defendants did not move for summary judgment on any of those claims. Thus, even if Defendants were granted leave to appeal the summary judgment order, the appeal would not materially affect Plaintiffs' remaining claims. Instead, it would merely delay the ultimate resolution of this case.

## CONCLUSION

For the reasons set forth above, the motion for certification of interlocutory appeal (Docket No. 68) is DENIED.

A case management conference is currently scheduled for March 14, 2013. The Court notes that the parties have not filed a joint case management statement. The parties should be prepared to

3

1  discuss scheduling matters and set future dates at the case
2  management conference.
3      IT IS SO ORDERED.

5  Dated: 3/13/2013  
                CLAUDIA WILKEN  
                United States District Judge